IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICHARD KENNEDY**                                                                                 **PLAINTIFF**

**V.**                                                    **CIVIL ACTION NO. 3:13cv525-JMR**

**SMCI CAPT. ENLER**                                                                **DEFENDANT**

<u>MEMORANDUM OPINION</u>

BEFORE THE COURT is a motion for summary judgment [19] filed by SMCI Capt. Enler [Enler]. Having considered the submissions of the parties, all matters made a part of the record in this case, as well as applicable law, the Court finds as follows.

<u>Background</u>

Kennedy was housed at Marion Walthall County Correctional Facility [MWCF] on March 26, 2013. He allegedly was involved in an assault on an inmate, although Kennedy claims he was on the other side of the housing unit at the time of the attack. [4, p. 1.] He was issued a Rules Violation Report [RVR] which resulted in the loss of his trusty status for one year and all privileges for a period of two months. (*Id*., p. 2.) Kennedy claims that he was transferred to the South Mississippi Correctional Institution [SMCI] as a result of receiving the RVR. [16, p. 4.]

According to Kennedy, the defendants have not produced evidence that he was involved in the assault. [6, p. 2.] He contends that there is no camera coverage to show he was involved in the assault; no weapon was produced and no officer was present to observe the incident. [6, p. 3.]

Kennedy claims that his constitutional rights were violated because he was denied procedural due process when he was wrongfully found to be guilty of the RVR. [1-1, p. 4.] Kennedy seeks to have the RVR removed from his record, and to be transferred back to MWCF. [19-1, p. 4.]

Enler filed her answer to the complaint on October 3, 2013, invoking the protections of Eleventh Amendment immunity in connection with this case. [7, p. 3.] At the omnibus hearing, the parties consented to have a United States magistrate judge conduct any and all further

proceedings in the case and order the entry of final judgment, and the District Judge subsequently entered an order [15] of reference. 28 U.S.C. § 636(c); FED.R.CIV.P. 73.

## ANALYSIS

I.   <u>Official Capacity Claims against Enler</u>

The Eleventh Amendment bars official capacity claims for money damages against prison officials. *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002). Kennedy's claims for money damages brought against Enler in her official capacity are barred under these principles, consequently, the Court concludes that the motion for summary judgment filed by Enler should be granted on any claims against her acting in her official capacity.

A narrow exception to Eleventh Amendment immunity exists which allows a state official to be sued in her official capacity for injunctive relief. *Ex Parte Young,* 209 U.S. 123, 159–160 (1908). "This exception strips the individual state actor of immunity and allows a private citizen to sue that individual in federal court for prospective injunctive relief based on allegations that the actor violated federal law." *McKinley v. Abbott,* 643 F.3d 403, 406 (5th Cir. 2011). A state official can be sued in her official capacity for injunctive relief under § 1983 because "official-capacity actions for prospective relief are not treated as actions against the State." *Kentucky v. Graham,* 473 U.S. 159, 167, n. 14 (1985) (citing *Ex parte Young,* 209 U.S. at 159–160). Kennedy's claim for injunctive relief is discussed below.

II.   <u>Claim for Injunctive Relief</u>

Enler claims that Kennedy seeks injunctive relief to remove the RVR from his institutional record and to be transferred back to MWCF. [1.] Enler contends that the Eleventh Amendment bars such relief. [20, p. 5.] The Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law. *Ex parte Young,* 209 U.S. at 155-6. There is no right to a claims for retrospective injunctive relief, which seeks to declare that state officers violated federal law in the past. *Green v.*

2

*Mansour*, 474 U.S. 64 (1985). Because such a declaration would be necessary to remove the RVR from Kennedy's record and transfer him back to MWCF, the Court finds that Enler's motion for summary judgment on Kennedy's claim for injunctive relief, if any, should be granted.

III.     Qualified Immunity

Enler asserts that she is entitled to qualified immunity in this case. [20, pp. 6-10.] "A government official is entitled to qualified immunity if either (1) the plaintiff failed to state a constitutional claim or (2) the defendant's conduct was objectively reasonable in light of the clearly established law." *Easter v. Powell,* 467 F.3d 459, 462 (5th Cir. 2006).

Kennedy claims he was denied due process when Enler wrongfully found him guilty of the RVR because the defendants allegedly did not present appropriate witnesses during his ARP grievance proceedings. [6, p. 3.] He contends that he is innocent of any involvement in the assault of the fellow inmate and should not have received the RVR or the disciplinary action following the RVR. [6.]

In order to establish a violation of the Due Process Clause in connection with a disciplinary hearing, a prisoner must establish that he has been denied a " 'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin,* 501 F.3d 415, 418 (5th Cir. 2007). A prisoner does not have a constitutional right to remain in a particular prison, and a change in a prisoner's classification or custody status does not implicate the due process clause. *Meachum v. Fano,* 427 U.S. 215, 224–5 (1976); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). A reduction in class or a change in custody status does not implicate a liberty interest protected by the Due Process Clause. *Malchi v. Thaler,* 211 F.3d 953, 958–9 (5th Cir. 2000); *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995), *cert. denied* 517 U.S. 1196 (1996). A prisoner's change in custody status, including his placement in disciplinary segregation or lock-down; the loss of recreation and commissary privileges; and the imposition of cell phone restrictions, do

3

not implicate a liberty interest because those punishments do not represent "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Sandin v. Conner,* 515 U.S. 472, 486 (1995); *Madison v. Parker,* 104 F.3d 765, 768-9 (5th Cir. 1997); *Luken,* 71 F.3d at 193.

Further, there is no "unqualified right to call witnesses" in prison disciplinary proceedings. *Wolff v. McDonnell,* 418 U.S. 539, 567-8 (1974); *Hewitt v. Helms,* 459 U.S. 460 (1983). In addition, the court does not " 'second-guess' the findings and determinations of prison disciplinary committees" nor does the "Constitution . . . demand 'error-free' decision making. . ." by those entities. *Collins v. King,* 743 F.2d 248, 253–4 (5th Cir. 1984). Even if the Court were to assume that MDOC policy and procedure was not followed in Enler's disciplinary hearing, reclassification and the denial of visitation privileges are not an "atypical and significant hardship" of prison life, and do not implicate the Due Process Clause. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's own regulation or policy does not amount to a constitutional violation). The Court finds no due process violation in Kennedy's claim, and concludes that Kennedy failed to state a viable constitutional claim. Accordingly, the Court finds that the motion to dismiss should be granted on his claim of a deprivation of his due process rights. The Court concludes that Enler did not violate a clearly established constitutional right, and that she acted with objective reasonableness in light of clearly established law at the time of the incident at issue in this case. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004), *cert. denied* 547 U.S. 1055 (2006).

An inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers,* 404 F.3d 371, 374–5 (5th Cir. 2005). "[A]llegations that a prison official has failed adequately to follow particular prison rules, regulations or procedures, such as an ARP, cannot support a Section 1983 claim, without an independent constitutional violation." *Eason v. Thaler*, 73 F.3d 1322, 1325–6 (5th Cir. 1996)). Barnes' claims do not rise to a level of

constitutional deprivation of his rights under the Due Process Clause. As such, the Court finds that Enler is entitled to qualified immunity, and that the motion for summary judgment should be granted on any claims Kennedy raises against Enler section 1983. *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). The Court further concludes that any claims advanced against Enler acting in her individual capacity should be dismissed with prejudice.

IV.    State Law Claims

Although not discussed any claim against the Defendant, in her official capacity, are barred under Mississippi law. MISS. CODE ANN. § 11-46-9 (1972) The MTCA exempts governmental entities and their employees "acting within the course and scope of their employment or duties" from liability for certain kinds of claims. MISS. CODE ANN. § 11–46–9(1). Under the MTCA, a governmental entity is not liable to any claimant who, at the time the claim arises, is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution regardless of whether the claimant is or is not an inmate when the actual claim is filed. MISS. CODE ANN. § 11–46–9(1)(m). The Court finds that any claims Barnes may raise under Mississippi State law against Enler are barred by provisions of the MTCA.

## **CONCLUSION**

For the reasons set forth above, this Court finds that Enler's motion for summary judgment [19] on the claims advanced by Kennedy against her should be granted. A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. A copy of this Memorandum Opinion and the judgment shall be mailed by certified mail, return receipt requested to Kennedy at his last known address of record. Each party shall bear their respective costs associated with this motion.

DATED, this the 18th day of June, 2014.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE